UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATEO VARGAS ROS,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary,<br>U.S. Department of Homeland Security,<br>et al.,<br><br>Respondents. | Case No.:  26cv3941-LL-GC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>[ECF No. 1] |

Before the Court is Petitioner Mateo Vargas Ros's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents filed a Return. ECF No. 5. For the reasons set forth below, the Court **GRANTS** the Petition.

I.      BACKGROUND

Petitioner is a citizen of Guatemala who came to the United States in November 2024 without inspection. Pet. ¶ 19. He was apprehended upon entry and indicated a fear of return to Guatemala, but was subsequently released on his own recognizance and placed into removal proceedings, which remain pending. *Id.* ¶¶ 3, 19.

On June 27, 2026, Petitioner was detained by immigration authorities in Florida and was transferred at some point to Imperial Regional Detention Center in Calexico,

26cv3941-LL-GC

California. *Id.* ¶¶ 3, 19, 20. Immigration authorities did not provide notice or an opportunity to be heard on the revocation of Petitioner's release or allege any material change in his circumstances. *Id.* ¶¶ 51, 61, 80.

On July 9, 2026, Petitioner filed the instant Petition. Pet.

## II.    LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## III.    DISCUSSION

Petitioner alleges that his re-detention without notice and a hearing violates the Fifth Amendment's Due Process Clause, the Administrative Procedure Act, and the Fourth Amendment. Pet. ¶¶ 44–69.

Respondents argue that Petitioner fails to plead sufficient information for the Court to adjudicate his claim and that his Fourth Amendment claim must first be brought before an immigration judge. ECF No. 5 at 3–5.

The Court finds Petitioner has pleaded sufficient information to allege a violation of procedural due process and will address that ground for relief.

The Fifth Amendment guarantees that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances,

26cv3941-LL-GC

to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citations omitted). The Due Process Clause generally "requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks and citation omitted).

The Court finds that having been previously released on his own recognizance, Petitioner has a protected liberty interest in remaining free from detention. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (citations omitted). Although the initial decision to detain or release an individual may be within the government's discretion, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the . . . conditions [of release].'" *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)) (alterations in original).

As Petitioner has a protected liberty interest, the Due Process Clause requires procedural protections before he can be deprived of that interest. *See Mathews*, 424 U.S. at 334–35. To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, the Court considers the following factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

The Court finds that all three factors support a finding that the government's revocation of Petitioner's release without notification, reasoning, or an opportunity to be

3

26cv3941-LL-GC

heard denied Petitioner his due process rights. First, as discussed above, Petitioner has a significant liberty interest in remaining out of custody. *See Pinchi*, 792 F. Supp. 3d at 1032 ("Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." (citations omitted)). Freedom from detention is a fundamental part of due process protection. *See Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) ("[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992))).

Second, the risk of an erroneous deprivation of such interest is high as Petitioner's release was revoked without providing him a reason for revocation or giving him an opportunity to be heard. Since the initial determination that Petitioner should be released on his own recognizance because he posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."). There is no indication that Petitioner has failed to abide by the conditions of his release or that circumstances have changed. "Once a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings." *Saravia*, 280 F. Supp. 3d at 1176. "Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk . . . ." *Id.* The risk of erroneous deprivation of Petitioner's liberty is high because neither the government nor Petitioner has had an opportunity to determine whether there is any valid basis for his detention. *Pinchi*, 792 F. Supp. 3d at 1035 (citation omitted). It follows that the probable value of additional procedural safeguards, such as notice and a pre-deprivation hearing, is also high.

Third, the government's interest in detaining Petitioner without notice, reasoning, and a hearing is low. *See Pinchi*, 792 F. Supp. 3d at 1036 ("[T]he government has

26cv3941-LL-GC

articulated no legitimate interest that would support arresting [petitioner] without a pre-detention hearing."); *Alvarenga Matute v. Wofford*, 807 F. Supp. 3d 1120, 1130 (E.D. Cal. 2025); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."). There is also no indication that providing a pre-deprivation hearing would be fiscally or administratively burdensome on the government. *See Pinchi*, 792 F. Supp. 3d at 1036 ("In immigration court, custody hearings are routine and impose a minimal cost." (quoting *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025))).

Therefore, because Respondents detained Petitioner by revoking his release without notice or a pre-deprivation hearing in violation of the Due Process Clause, his detention is unlawful. *See, e.g.*, *Sanchez v. LaRose*, No. 25-CV-2396-JES-MMP, 2025 WL 2770629, at \*4 (S.D. Cal. Sep. 26, 2025) (finding the petitioner's parole was revoked without notice and a hearing and without a showing of a change of circumstances, thus violating her due process rights and rendering her detention unlawful). The proper remedy for the unlawful detention is Petitioner's immediate release subject only to the conditions of his preexisting release. *See Noori v. LaRose*, 807 F. Supp. 3d 1146, 1156 (S.D. Cal. 2025) (finding DHS violated the petitioner's due process rights by revoking his parole without notice or a hearing and ordering his immediate release); *Sanchez*, 2025 WL 2770629, at \*5 (same); *Ortega*, 415 F. Supp. 3d at 970 (ordering immediate release after the petitioner was detained while out on bond without notice or pre-deprivation hearing).

Accordingly, the Court **GRANTS** the Petition.[1]

## IV.    CONCLUSION

For the reasons above, the Court **ORDERS**:

---

[1] Having decided this Petition on due process grounds, the Court declines to address Petitioner's other grounds for relief.

26cv3941-LL-GC

1.    Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**.[2]

2.    Respondents shall immediately release Petitioner from custody subject only to the conditions of his preexisting parole.

3.    Prior to any re-detention of Petitioner, he is entitled to notice of the reasons for revocation of his parole and a pre-deprivation hearing before a neutral immigration judge to determine whether detention is warranted. At such a hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. *See Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *14 (E.D. Cal. Aug. 28, 2025) (finding that the petitioner's initial release "reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk" and so if the government initiates re-detention, "it follows that the government should be required to bear the burden of providing a justification for the re-detention"); *Pinchi*, 792 F. Supp. 3d at 1038 (ordering that before the petitioner can be re-detained, she must be provided with a pre-detention bond hearing before a neutral immigration judge and that she may not be detained "unless the government demonstrates at such a bond hearing, by clear and convincing evidence, that she is a flight risk or a danger to the community and that no conditions other than her detention would be sufficient to prevent such harms").

4.    The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated:  August 6, 2026

_____
Honorable Linda Lopez
United States District Judge

---

[2] Petitioner requests attorney's fees and costs under the Equal Access to Justice Act [Pet. ¶ 83], which the Court **DENIES without prejudice**.

6

26cv3941-LL-GC